IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     **SHORT FORK DEVELOPMENT, LLC**     **CHAPTER 11**
          **Debtor**     **CASE NO. 23-13660-JDW**

## MOTION FOR AUTHORITY TO SELL REAL PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

COMES NOW Short Fork Development, LLC (the "Debtor") and files this its *Motion for Authority to Sell Real Property Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests* (the "Motion"), and in support thereof, would respectfully show unto the Court as follows, to-wit:

1. On November 30, 2023, the Debtor herein filed with this Court its Voluntary Petition (the "Petition") for bankruptcy under Chapter 11 of the Bankruptcy Code.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. In the exercise of the Debtor's best business judgment, the Debtor has made the decision to liquidate certain real property in an effort to generate credits to pay the indebtedness of secured creditors.

4. Specifically, the property that forms the subject matter of this Motion is 42 lots in Short Fork Creek SD Phase 1 in Hernando, Mississippi and 49.91 +/- acres in Desoto County, Mississippi (Parcel 3075150000000903) (the "Property"), as more specifically described in the Real Estate Sales Agreement that is attached, incorporated by reference and marked as **Exhibit "A"**.

5. The decision to liquidate the Property is in the best interest of all creditors and parties-in-interest herein. The purchaser for the Property is SH Properties, LLC (the "Purchaser"). The purchase price for the Property is $1,500,000.00.

6. The Purchaser is a good faith purchaser and the sale transaction is an arms-length transaction.

7. The ad valorem taxes will be prorated at closing on the Property based on possession as between the Purchaser and the Debtor.

8. The Debtor, through Guy Hendrix, seeks authority of the Court to consummate the sale and then to execute such deed, transfer of title or other related documents which are reasonably necessary to consummate and close the sale of the Property.

9. The Debtor seeks to sell the Property free and clear of liens, claims and security interests with the exception of ad valorem tax claims which shall be prorated based upon possession, and paid at closing, and with the exception of customary seller's costs of closing, with all valid liens and claims to attach to the sales proceeds and paid to Guaranty Bank and Trust Company, the first lienholder.

10. The Debtor requests that the Court approve the sale for the fair, reasonable, and appropriate contract price of $1,500,000.00.

11. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will grant the Motion and authorize the Debtor, through Guy Hendrix, to sell the Property free and clear of liens, claims and interests. Debtor prays for general relief.

THIS, the _____ day of June, 2024.

          Respectfully submitted,

          SHORT FORK DEVELOPMENT, LLC

          By Its Attorneys,

          LAW OFFICES OF CRAIG M. GENO, PLLC

          By: _____
                   Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Short Fork Development, LLC\Pleadings\Mot to Sell SF Creek Property 6-7-24.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.  
Office of the United States Trustee  
sammye.s.tharp@usdoj.gov

Robert A. Byrd, Esq.  
Subchapter V Trustee  
rab@byrdwiser.com

Jim F. Spencer, Jr., Esq.  
jspencer@watkinseager.com

Erin A. McManus, Esq.  
emcmanus@watkinseager.com

THIS, the _____ day of June, 2024.

          _____
          Craig M. Geno

-3-

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    SHORT FORK DEVELOPMENT, LLC              CHAPTER 11
Debtor                                              CASE NO. 23-13660-JDW

# EXHIBIT "A"

## REAL ESTATE SALES AGREEMENT

This sales agreement (the "Agreement") is made and entered by and between Short Fork Development, LLC (Seller) and SH Properties, LLC or Assigns (Purchaser).

### RECITALS

Purchaser desires to purchase from Seller, and Seller wishes to sell to Purchaser the following described real property subject to survey in Hernando, MS County of Desoto:

- 42 Lots in Short Fork Creek SD Phase 1, Lot numbers 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 89, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105
- 49.91 acres +/- known in the Desoto County Tax Assessor's Office as: Parcel 307515000 0000903.

FOR AND IN CONSIDERATION of the mutual promises, covenants, agreements, hereinafter set forth, the Parties agree as follows:

1. **Purchase Price.** The purchase price to be paid Seller for the Property shall be at a total price of **One Million Five Hundred Thousand and no/100 ($1,500,000.00)**, inclusive of the Earnest Money, (the "Purchase Price") and payable by Purchaser on closing of title and delivery of the Deed (the "Closing") by Bank Cashier's check.

2. **Closing and Possession.** This agreement shall be closed through the office of Mary Monteith, Austin Law Firm. Closing to take place to take place 10 days after expiration of the Inspection Period but no later than October 10, 2024.

3. **Contingencies.** The Purchaser's obligation to complete the closing of this agreement, unless specifically waived by Purchaser in writing, is subject to and contingent upon the following:

    3.1  **Deed.** Seller shall deliver to Purchaser at Closing, a general warranty deed, conveying good and marketable fee simple title to the Property (the "Deed"), subject to existing utility easements and subdivision and zoning restrictions of record, and taxes not delinquent.

    3.2  **Title.** Seller agrees to promptly cause Purchaser to be furnished with an American Land Title Association ("ALTA") Title Insurance Commitment issued by a title insurance company selected by Purchaser, committing to insure fee simple marketable title to the Property, in the amount of the Purchase Price, in Purchaser's name.

    3.3  **Survey.** Seller to provide acceptable state of facts disclosed by an accurate survey of the Property completed by a licensed surveyor or civil engineer with all property corners clearly marked above ground with stakes.

    3.4  **Inspection Period.** Seller shall have ninety (90) days from full execution of and Bankruptcy Court approval of this purchase agreement to inspect this property and receive certain approvals necessary for completion of Purchaser's intended use. These approvals include but are not limited to an amendment of the Planned Unit Development and existing plat by DeSoto County, Mississippi. These inspections shall include but not be limited to zoning, title, environmental, soils, feasibility, utilities, and all governmental approvals. The closing of this transaction shall be contingent upon Purchaser's satisfaction of all inspection items. Should all contingencies be satisfied by purchaser within inspection period, purchaser will close on the said lot within fifteen (15) days from expiration of inspection period. If Purchaser determines that the property is not suitable for Purchaser;s intended use then Purchaser may so notify Seller and terminate this purchase contract at any time during the inspection period. Should Purchaser elect to terminate this purchase contract during the inspection

period all earnest money shall be refunded to Purchaser and both parties shall be relieved of further obligation under this agreement.

4. **Closing Costs.** The parties agree to initiate and pay the following costs in connection with this transaction:

| ITEM | ORDERED BY | PAID BY |
|---|---|---|
| (a) Title Report or Commitment | Purchaser | Seller |
| (b) Title Insurance Premium | Purchaser | Purchaser |
| (c) Preparation of Deed | Seller | Seller |
| (d) Recording of Deed | N/A | Seller |
| (e) Prior Liens & Assessments | N/A | Seller |
| (f) Real Estate Taxes | N/A | Prorated to Closing |
| (g) Attorney Fees | N/A | ½ to each party |
| (h) Commissions | N/A | Seller |
| (i) Survey | Seller | Purchaser |

5. **Brokerage Commission.** Both Purchaser and Seller acknowledge that Marcus and Millichap REIS of NV is representing the Seller in this transaction. Commission amount addressed in the Exclusive Listing Agreement dated February 1, 2024.

6. **Earnest Money and Termination.** (a) Earnest money in the amount of Fifteen Thousand and no/100 ($15,000.00) Dollars, (the "Earnest Money"), will be paid directly to the Closing Attorney (Austin Law Firm) within 3 days of the execution of this contract and approval of the contract by the Bankruptcy Court. If such deposit is not made Seller shall terminate this Agreement.

7. **Successors and Assigns.** The terms of this Agreement shall survive the Closing and shall be binding upon and inure to the benefit of the parties hereto, their respective legal representatives, successors and assigns.

8. **Entire Agreement.** All prior understandings and agreements of the parties are merged herein, and this Agreement reflects the entire understanding of the parties. This Agreement shall not be change d or terminated orally.

9. **Interlineation.** The parties agree that no changes have been made by either party or their respective agents to any page unless the change is clearly visible by interlineation, not by obliteration, and initialed by both parties.

10. **Notice.** All notices required or permitted hereby shall be in writing and delivered in person or sent electronically, by express or certified mail, return receipt requested. Notices shall be deeded to have been given when sent as follows:

> Purchaser: SH Properties, LLC
> 1576 White Oak Cove
> Hernando, MS 38632

> Seller: Short Fork Development, LLC
> 5718 Ginners Ln
> Hernando, MS 38632

11. **Construction.** Time shall be construed to be of the essence.

LH

12. **Governing Law.** This Agreement will be governed by and construed according to the laws of the State of Mississippi.

13. **Date of Agreement.** The date of this Agreement shall be the date of execution of the last party to sign.

14. **Expiration of Offer.** This offer as presented in its original form shall expire at 5:00 p.m. Central Standard Time on June 9, 2024.

15. **Developers Rights.** Upon closing, the Seller agrees to execute any required agreements, authorizations or powers of Attorney to authorize Purchaser to assume the rights of Developer and Founder of the Short Fork Subdivision and Planned Unit Development with respect to the portion of said development purchased by Purchaser pursuant to this Agreement. Seller shall retain all rights for the remainder of the property covered by said Planned Unit Development. Seller shall appoint Sidney Lanier Hurdle, Jr. as its authorized representative to apply for and obtain amendments to the PUD and existing subdivision plat only as it pertains to the land purchased pursuant to this contract. The amendments shall be applied for by said authorized representative in Seller's name. Seller agrees to cooperate with Purchaser in seeking said amendments and agrees to sign any necessary documents required to obtain same. Purchaser is NOT assuming any liabilities or obligations of Seller.

16. **Assignment.** Purchaser may assign this agreement to an LLC or other legal entity to be formed for the purpose of owning and developing the property purchased pursuant to this agreement so long as Sidney Lanier Hurdle, Jr. is a 50% or greater owner of said newly formed entity without approval from Seller. Otherwise, any assignment shall require Seller's approval.

**SELLER:**

BY: _____
Guy Hendrix, Member
Short Fork Development, LLC

DATE: _____

**PURCHASER:**

BY: *Lanier Hurdle*
—84ABB44C0C694EF...
Sidney Lanier Hurdle Jr, Member
SH Properties, LLC

DATE: 6/7/2024 | 11:31:11 PDT