## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SHORT FORK DEVELOPMENT, LLC** | **CASE NO. 23-13660-JDW** |

___

### GUARANTY BANK'S OBJECTION TO MOTION FOR AUTHORITY TO SELL REAL PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND INTEREST (Dkt. #123)
___

Guaranty Bank & Trust Company ("Guaranty Bank") files its Motion for a Determination that Short Fork Development, LLC ("Short Fork Development") is a Single Asset Real Estate Debtor and states as follows:

1. On November 30, 2023, Short Fork Development commenced this proceeding pursuant to Subchapter V Chapter 11. Robert A. Byrd is the Subchapter V Trustee. Short Fork Development owns a single asset: residential real estate development located in DeSoto County, Mississippi. Its sole business activity consists of selling the properties in the development to residential purchasers.

2. Guaranty Bank is a secured creditor in this proceeding. Guaranty Bank has filed two proofs of claims in this proceeding. Claim No. 2 in the amount of $6,131,052.82 and Claim No. 3 in the amount of $418,000. Both claims are secured, in part, by a first lien on the real property that is the subject of this motion as well as Certificates of Deposit in the amount of $305,080.

3. On December 13, 2023, Guaranty Bank filed its motion to lift stay and for abandonment related to its rights as a secured creditor in the 74.10 acres of property (42 lots and 50.62 acres of undeveloped land) owned by the Debtor. (Dkt. #19) ("Motion"). The 74.10 acres

represents all the real property owned by this debtor. According to the Motion, the property had an appraised value of $3,100,870.

4. On January 1, 2024, the Debtor filed its response to the Motion (Dkt. #67). The response did not deny the appraised value of the property but argued that the appraisals "apparently" ignored the millions of dollars invested in the project suggesting, at least, that the property was worth more than the appraised value of $3,100,870. (Dkt. #67, ₱5)

5. On April 11, 2024, this Court entered an Agreed Order on Guaranty Bank's Motion. (Dkt. #112). The Agreed Order provided that the Debtor had to present a contract for the sale of substantially all of the assets of the Debtor by June 10, 2024, or the automatic stay would be lifted. The Agreed Order also gave the Debtor the option to start making regular monthly interest payments.

6. On June 7, 2024, the Debtor filed this motion seeking approval to sell all the property of the estate for $1,500,000, approximately $1,500,000 less than appraised value. (Dkt.# 123). The contract attached to the motion has a due diligence period of 90 days and is subject to numerous contingencies including amendments to the Planned Unit Development by Desoto County, and satisfaction of certain inspection items including "feasibility" and "all governmental approvals."  The purchaser can walk away and get its money back if the purchaser determines "the property is not suitable for Purchaser's intended use." (Dkt. #123, p. 7). Accordingly, not only is the contract price substantially below market value, but the contract is subject to numerous contingencies that give the Purchaser the right to walk away. In the meantime, the property is off the market for at least 90 days from August 14, 2024, or until November of 2024 and Guaranty Bank is not allowed to foreclose on its collateral.

7.      Pursuant to 11 U.S.C. §363(f), the Debtor may sell property free and clear of a secured creditor interest for less than the secured creditor's interest in the property only if the secured creditor consents. The Motion seeks to sell the property subject to Guaranty Bank's security interest for less than its interest in the property and Guaranty Bank does not consent to the sale. As such, the motion should be denied.

8.      Because the Debtor has not been able to sell its property as required by the Agreed Order, and the proposed contract appears to be offered solely to keep the automatic stay from lifting under the terms of the Agreed Order, Guaranty Bank requests that deny the motion and find that the automatic stay as to all such property should be terminated so that Guaranty Bank may enforce its rights in the property under state law.

WHEREFORE, Guaranty Bank requests that the motion to sell be denied. Guaranty Bank also requests general relief.

Respectfully submitted this 20th day of June, 2024.

GUARANTY BANK AND TRUST COMPANY

By: /s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.
Its attorneys

OF COUNSEL
JIM F. SPENCER, JR. (MSB#7736)
ERIN A. MCMANUS (MSB #106317)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com

## CERTIFICATE OF SERVICE

    I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served the above and foregoing pleading on all parties requesting notice by using the ECF filing system of the court:

United States Trustee - USTPRegion05.JA.ECF@usdoj.gov
Craig M. Geno – cmgeno@cmgenolaw.com

This 20th day of June, 2024.

                                                  /s/ Jim F. Spencer, Jr.
                                                  Jim F. Spencer, Jr.